[*No. 1527.*]

## SUSAN BAILEY, RESPONDENT, *v.* F. L. LITTELL, AS SHERIFF OF LYON COUNTY, ET AL., APPELLANTS.

HUSBAND AND WIFE—FRAUDULENT CONVEYANCES—EXEMPTIONS. Property which is exempt from execution by statute may be transferred by the owner free from any claim of his creditors, and a gift of such property by a husband to his wife is valid, and cannot be defeated by his creditors.

APPEAL—COSTS OMITTED FROM JUDGMENT. Failure of the clerk to insert the amount of plaintiff's costs in the judgment is not legal ground for dismissing an appeal.

APPEAL from the District Court of the State of Nevada, Lyon county; *C. E. Mack*, District Judge:

Action by Susan Bailey against F. L. Littell, as Sheriff of Lyon county, et al. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

The facts sufficiently appear in the opinion.

*F. M. Huffaker*, for Appellants:

I. The court erred in giving the first special instruction asked by the plaintiff, for the reason that this instruction does not correctly state the law applicable to fraud in cases of transactions between husband and wife. Its tendency is to mislead the jury to the prejudice of defendants. It informs the jury that in this case, notwithstanding the plaintiff may have directed her husband to manage and control her property and deal with it as his own, yet they cannot find any fraud as against creditors, unless the facts sufficient to establish a fraud are clear and convincing, without, at the same time, informing the jury as to what character of facts is an element of fraud. It, in effect, withdraws from the jury any consideration of circumstances attending transactions between husband and wife by saying the proof " should be so strong and cogent as to satisfy the mind and conscience of a common man, and so to convince him that he would venture to act upon that conviction in matters of the highest concern and importance to his own interests." "And as an allegation of fraud is against the presumption of honesty it requires stronger proof than if no such presumption existed."

II. I contend that when a husband is in debt the presumption is against honesty in transactions between husband

and wife, hence this instruction is not the law of this case, as this court has well said: "No doubt the circumstances of the relation, and the facility with which frauds may be accomplished under the pretense of sales or gifts between husband and wife should be carefully weighed in determining whether a gift has been made" (*Lake* v. *Bender*, 18 Nev. 385), and such would have been the law in this case, but the instructions as given took all such consideration from the jury, and was, therefore, misleading.

III.    Can the homestead be then disposed of and made the separate property of the wife when the husband is in debt? If not, then the court also erred in refusing defendants' special instruction 9: "You are instructed, gentlemen of the jury, that a husband while in debt cannot make a valid gift, as against existing creditors, to his wife." Is this law? It certainly is, and has been so held uniformly, upon the principle that "a man should be just before generous." "If the husband can transfer common property to the wife by direct conveyance to her, it must be as a gift, he being at the time free from debts or liabilities." (*Kahner* v. *Ashenauer*, 17 Cal. 578; *Jackson* v. *Torrence*, 83 Cal. 521; *Peck* v. *Brummagin*, 31 Cal. 440; *Higgins* v. *Johnson*, 20 Tex. 389.)

IV.    The second of defendants' said refused instructions is certainly the law in this state, and should have been given instead of plaintiff's third, for to say that a homestead cannot be taken by creditors is misleading, as under our statutes it depends on conditions named, and it may be taken by creditors when abandoned, or when changed from a homestead into other property, or diverted to other use. (*Wright* v. *Wertheimer*, 28 Pac. 440.) Such are the requirements of our laws. (Gen. Stats. 539; *Smith et al.* v. *Shrieves*, 13 Nev. 303; *Lachman* v. *Walker*, 15 Nev. 422; *Child* v. *Singleton*, 15 Nev. 461.)

V.    How much stronger does the foregoing principle apply to the facts of the case at bar, where the proceeds are invested in other property which cannot be made a homestead, and under the claim that a homestead can thus be converted into separate property of the wife? This is the theory upon which plaintiff tried her case and the court instructed the jury, to sustain which would require judicial legislation.

Consequently, it was prejudicial error for the court to refuse defendants' second and third instructions.

VI.   There is no question that the cattle in controversy were paid for in part with money derived from a sale of plaintiff's and her husband's homestead on community property in Churchill county, and partly with borrowed money. Upon what statute or principle can this be claimed to be separate property of the plaintiff and exempt from her husband's debts, and particularly exempt from a debt in existence at the time of the entire transaction?   When the proceeds of a homestead are invested in anything except another homestead, evidenced by a duly recorded declaration, the exemption laws do not protect them from the husband's creditors.   As bearing on this I cite:  *Hoyt* v. *Howe*, 3 Wis. 742; *Folsom* v. *Carlie*, 5 Minn. 333, 337; *Moore* v. *Granger*, 30 Ark. 574; *Tillotson* v. *Millard*, 7 Minn. 513; *State* v. *Geddis*, 44 Iowa, 539.

VII.   It would seem the principles, as enunciated by the Supreme Court of California, should apply to the case at bar, to wit:  " If the husband at the time of the gift to his wife of money, so that she could act as sole trader, was embarrassed, the transfer would be fraudulent and void as to his creditors."  (*Guttermau* v. *Scannel*, 7 Cal. 479; 63 Cal. 465; *Morgan* v. *Hecher*, 74 Cal. 540; *Wetherly* v. *Straus*, 93 Cal. 283.)

VIII.   Then the question of intent in making such gift comes in as an element to be submitted to the jury, and the court erred in refusing defendants' instruction No. 9, and giving plaintiff's third.   For the court to instruct the jury " that a husband may make a gift to his wife of his interest in the homestead, or of the proceeds of the sale of the homestead,  *   *   *   and in neither case can creditors complain, because such gift does not affect property that they could subject to their claims, and, further, that such gift by operation of law becomes the separate property of the wife," is to positively say to the jury:  " You cannot consider any question of fraudulent intent or financial condition of the donor; there is but one question for you to decide:  ' Did the husband give the proceeds to his wife?' "   This is certainly not law, for there are conditions under which a homestead may be

taken by the husband's creditors.   Then, for the court to say
that under no state of case can creditors subject a homestead
or its proceeds to their claims is manifest error.   To say the
least, under the authorities, the question of *bona fides* should
have been submitted to the jury.   (*Judson* v. *Lyford*, 84 Cal.
505; *Landers* v. *Beers*, 48 Cal. 546; *Kane* v. *Desmond*, 63 Cal.
464; *Morgan* v. *Ball*, 81 Cal. 93.)

IX.   The conditions under which a homestead can and
cannot be taken by creditors of the husband should have been
stated to the jury by the court; and this defendants asked
in their instructions, which were refused, the court telling
the jury that a homestead or its proceeds could not, under
any condition, be taken by a creditor of the husband, and
further that, under all conditions and circumstances, a hus-
band had the right to give to his wife his interest in the
homestead, and *ipso facto,* by operation of law, it becomes the
separate property of the wife, to be ever after used, managed
and invested by the husband in business for the benefit of
the union, for the purpose of preventing creditors reaching
it.   This is the theory upon which the court instructed the
jury, and of which defendants complain as not correctly
stating the law.

X.   The policy of our statute being to secure a homestead
to parties, while, and only while, a declaration thereof is
duly recorded, and the same is occupied and lived upon as a
home by the declarants, without which it may be taken by
the creditors of the husband, any failure of the owners to
maintain all these conditions subjects the homestead or its
proceeds to execution against the husband as completely as
·if no declaration had ever been filed.   Hence, for the court
to say to the jury that a homestead is a species of property
in which a creditor of the husband can have no interest, is
error and misleading, for since it is exempt only while it is
filed upon, occupied and used as a home for the family, the
moment these conditions disappear the creditors can appro-
priate it.   I invoke the rule:   " When a debtor *voluntarily*
disposes of exempt property, he voluntarily deprives himself
of the benefits of the statute, and waives the privilege thus
secured."   (*Anderson* v. *Rowan*, 28 How. Pr. 128; *Wygat* v.
*Smith*, 2 Lans. 185; *Pate* v. *Fertilizing Co.*, 54 Ga. 515; *Fried-*

*lander* v. *Mahoney*, 31 Iowa, 315; *Scott* v. *Bingham*, 27 Vt.
561; *Edson* v. *Trask*, 22 Vt. 18.)

XI.   As against all this, the plaintiff, on the trial of this
case, based her theory upon that part of section 70 of a little
work styled "Property Rights of Married Women," by H. G.
Platt, found on page 225, edition 1885, which says:  "The
husband may make a gift to his wife of his interest in the
homestead, or of the proceeds of the sale of the homestead
(before the sale is made), or he may convey it to her by a
*bona fide* sale, and in neither case can creditors complain,
because the conveyance does not affect property that they
could subject to their claims," and refers to *Allen* v. *Hall*,
Texas Court of Appeals (Civil Cases), sec. 1279, which case
I have been unable to find reported in the official reports
of the Texas Court of Appeals (Civil Cases).   Nor do I for
a moment, concede that, if such a case was decided, and
contains such language, the theory upon which the court
instructed the jury in the case at bar, could be deduced, for
the decision has reference to a Texas statute, and the con-
cluding part of this paragraph shows the limitation, to wit:
"Any agreement made by husband and wife concerning the
homestead is valid as to them, but a sale by the husband to
the wife, which is not intended to pass title, is invalid as to
creditors, and the land, when disrobed of its homestead char-
acter by abandonment, *or otherwise,* would be subject to their
claim."   Then the language attributed to *Allen* v. *Hall* can
refer to a homestead while a homestead only, and not to a
change of a homestead into separate property of his wife, or
into other property.

XII.   What does Texas say upon this proposition?   "There
is a distinction generally recognized with reference to the con-
version of that class of property which is exempt, into that
class which is not exempt, between a voluntary and an invol-
untary change of conversion.   And it is held, as a general
rule, that where property of the first class is voluntarily con-
verted into property of the other class that the latter will
not be exempt from forced sale."   (*Watkins* v. *Davis*, 61 Tex.
415.)   This puts a quietus upon the theory attempted to be
deduced from Mr. Platt and his *Allen* v. *Hall*.   The Texas
court proceeds to say that in that state the rule is, under

their statute, the proceeds of the sale of a homestead, involuntarily made, is exempt if held *bona fide* for purchase of another homestead as illustrated in: *Reeves* v. *Stephens,* 28 S. W. Rep. 707; *Todlock* v. *Eckes,* 20 Tex. 792; *Huston & Co.* v. *Winter,* 44 Tex. 611; *Whetson* v. *Coffey,* 48 Tex. 277.

XIII. It was virtually conceded upon the trial of this case that if *Allen* v. *Hall* was not law and binding on our courts, then the instructions given by the court, as asked by plaintiff, were erroneous. My contention is that, while the issue involved in the case at bar is mainly an open question in this state, it must be determined within the purview of our own statutes, and, as a guide to a correct apprehension of that statute, I prefer the Supreme Court of Idaho upon a statute identical with ours, to the unsupported assertions of Horace G. Platt, when it is not shown a statute similar to ours was involved.

XIV. It must be clear that a statute like ours intended to protect a debtor only while he occupied and used the statutory homestead. And since it is silent as to any protection of the proceeds of a homestead, by voluntary conversion into money, when a homestead is sold the proceeds become community property, which the husband cannot voluntarily give to his wife or any other person to the prejudice of existing creditors; otherwise, the homestead law would prove an instrument of fraud, which, surely, was never the purpose of the legislature. Nor can we lose sight of this purpose, while considering the deliverances of other courts, many of which, as those relied upon by respondents, were under peculiar constitutional and statutory provisions, differing from ours.

*Torreyson & Summerfield,* for Respondent:

I. The question in this case is as to whether or not a husband while in debt, in consideration of his wife joining in the deed for the homestead, can make her a gift of the proceeds of the homestead in consideration of her signing the deed, and that such property become her separate property. Of course, it is admitted that, if free from debt, the husband could make a gift to his wife of any property, and she would have a good title to the same, and under our law, having acquired the same after marriage, by gift, it would become

her separate property; but we claim that the husband may give to his wife, although he be in debt, exempt property, and that it becomes her separate property, for the reason that his creditors have no just cause of complaint, because as to that property he is without creditors, and it is no more beyond his reach after transfer than it was before.

II. In the case of *Wright* v. *Wertheimer* (28 Pac. Rep. 440, 2 Idaho, 962), so strongly relied upon by appellant, it is provided by the statute of that state " that the homestead is subject to execution or forced sale in satisfaction of judgment obtained, for certain debts and incumbrances, and, among others, in which an attachment was levied upon the premises before the filing of the declaration of homestead." In this case it is shown that the attachment was levied before the declaration of homestead was filed, and the court held that the attachment to be good, and the only question decided in that case was that the proceeds of a homestead, if invested in another homestead, is not exempt unless a declaration be filed. This Idaho case is in direct conflict with the cases cited by appellant in 44 Iowa, p. 539, and 16 Tex. 292, and other cases cited by counsel for appellant in his brief, and with the decided weight of authority, and these cases hold that the proceeds of a homestead may be invested in another homestead, and that the debtor has a reasonable time in which to invest such proceeds in another homestead.

III. Our contention in this case is that the husband may make a gift to the wife of his entire interest in the homestead, or of the proceeds of the sale of the homestead (before the sale is made), or he may convey it to her by a *bona fide* sale, and in neither case can creditors complain, because the conveyance does not affect property that they could subject to their claims. (Platt on Property Rights of Married Women, ed. 1885, p. 225; *Allen* v. *Hale*, Tex. Ct. of App. (Civil Cases) 741; Waples on Homestead and Exemptions, 514, n. 1 and authorities cited; *Fellows* v. *Lewis*, 65 Ala. 343, 354; Story, Eq. Jur. 367; *Crummen* v. *Bennett*, 68 N. C. 494; *Rhead* v. *Hounson*, 46 Mich. 244; *Stanley* v. *Snyder*, 43 Ark. 430, 434; *Smith* v. *Allen*, 39 Miss. 469, 475; *Wood* v. *Chambers*, 20 Tex. 247, 254; *Thompson* v. *Crane*, 73 Fed. Rep. 327; *Weatherly* v. *Straus*, 93 Cal. 283.)

IV.   Creditors cannot complain that a conveyance of a homestead was fraudulent to defeat the collection of their debts.   They could not reach it if not conveyed, and the motives for the conveyance do not concern them.   The debtor may sell, exchange or give away, and his creditors have no just cause of complaint, for, being exempt, it is no more beyond his reach after transfer than it was before.   In such alienations there may be bad motive, but no illegal act.

By the Court, BONNIFIELD, J.:

The plaintiff recovered a judgment in the district court in and for Lyon county against the defendants for the return to her of ninety-six head of cattle described in her complaint, "if a return thereof can be had, and if a return thereof cannot be had, then for the sum of $2,346, and for her costs of suit," with legal interest on said sum from date of judgment till paid.   The case was tried before a jury, and judgment was rendered upon their verdict.

This appeal is taken by the defendants from said judgment and from the order of the court denying a new trial.

The motion for new trial was made on the grounds:

"1.   Insufficiency of the evidence to justify the said verdict.

"2.   Said verdict is against law.

"3.   Errors of law occurring at the trial and excepted to by the defendants."

There is evidence to the effect:   That in the month of _____, 1895, J. M. Douglass, one of the defendants herein, brought an action against W. S. Bailey, the husband of the plaintiff, on a money demand, and caused to be attached therein 400 head of horses, 1,900 head of cattle, 18,000 acres of land and certain farming implements, the latter being of the value of $2,500, situated in Churchill county; that a portion of said land, and situated in about the center of said tract, was the homestead of Bailey and wife; that Douglass offered $7,500 for the homestead and farming implements; that the plaintiff refused to part with the homestead, and refused to execute a deed therefor except on condition that said sum should be paid to and received by her in her own right and as her separate property, lest, after parting with her homestead, her husband's creditors should take the pro-

ceeds of said sale; that in order to secure to the plaintiff in her own right and as her separate property, by way of gift, said homestead and farming implements and the proceeds of the sale thereof, Bailey assigned and gave to her all of his right, title and interest in the same; that thereupon she executed to Douglass a deed for said property and he paid over to her said sum therefor; that she deposited the said money in bank in her own name and right and continued all the time to exercise exclusive control thereof as her separate property; that in November, 1896, the plaintiff purchased 361 head of beef cattle and received possession thereof, of which the 96 head involved in this action were a part; that of said moneys received by her as aforesaid she paid $4,635 on her said purchase and pledged 264 head of said cattle on which she raised and paid the balance of said purchase money; that all of the above transactions on her part were with the knowledge and consent of her husband, and that he contracted for the purchase of said cattle for her and as her agent and at her request; that after the plaintiff had executed said deed, and on the 31st day of May, 1895, said Douglass bought and had assigned to him a judgment recovered in March, 1895, by the Occidental Land and Improvement Company against W. S. Bailey for the sum of $1,500 and over, and in January, 1897, caused an execution to be issued thereon and said 96 head of cattle to be seized and afterwards sold thereunder by the sheriff, F. L. Littell.

The validity of said assignment and gift by the husband to the wife is vigorously contested by the appellants. The contention of appellants' counsel is, in effect, that the transfer or gift of said property to the plaintiff was made and received with intent to hinder, delay and defraud the creditors of W. S. Bailey, and was null and void; that said sum received for said property was the separate property of the husband or the community property of husband and wife, and that the cattle purchased as aforesaid were such separate or community property and liable to be seized for the debts of the husband.

Respondent's counsel contends, in substance, that the property, the subject of said assignment and gift, being exempt from execution, the debtor, Bailey, might lawfully

give it to his wife, and that such gift was not fraudulent in law or in fact, and that his creditors have no legal concern as to the motives for such gift, and that said property and the proceeds of the sale thereof became the separate property of the wife, and as such subject to her control and to her investment in other property in her own right.

Counsel have cited numerous authorities and made elaborate arguments in support of their respective contentions.

Under the statutes of Nevada, the homestead selected by husband and wife, or either of them, or other head of the family, not exceeding five thousand dollars in value, and all the implements of husbandry of the judgment debtor, are exempt from attachment or forced sale on execution, with certain exceptions not involved in this case.

We are of opinion that it is well settled upon reason and authority that, when property is exempt from execution by statute, the owner may transfer it free from any claim of his creditors, if there is no provision in the statute to the contrary. No prejudice or injustice can be wrought to the creditor by such transfer, for the reason that the property is beyond his reach, and his condition, rights and remedies would not be affected by the transfer. (*Waugh* v. *Bridgeford*, 69 Iowa, 334.)

Any property of the husband exempt from execution he may, as against his creditors, settle upon or give to his wife. (*Robb* v. *Brewer*, 60 Iowa, 539.)

A voluntary conveyance will be held void as against creditors only when it embraces property which is liable to be taken in execution for the payment of debts. (*Delashmut* v. *Trau*, 44 Iowa, 613, and cases cited.)

In *Premo* v. *Hewitt*, 55 Vt. 362, the court say: "The right of the husband to give to the wife the avails arising from the sale of the homestead, as against his creditors, who had no right to take the homestead in satisfaction of their debts, has been fully recognized by this court in *Keys* v. *Rains*, 37 Vt. 260, and *Morgan* v. *Stearns*, 41 Vt. 398."

"Any property of the husband, personal or real, which his creditors could not proceed against, he may, as against them, settle upon his wife. Thus, there is no fraud, in law or ·in fact, in a conveyance by him to her of the homestead, or of

her earnings or cattle, if they are exempt; or of her choses in action, which are not his till reduced to possession, and which his creditors cannot compel him to so reduce." (Stewart on Law of Husband and Wife, sec. 118, and notes.)

"A conveyance by husband to wife of the homestead, which is exempt from execution, cannot be considered fraudulent as to creditors." (*Pike* v. *Miles*, 23 Wis. 164; *Dreutzer* v. *Bell*, 11 Wis. 118.)

"A creditor cannot, in legal contemplation, be defrauded by the mere conveyance by his debtor of property which by law is exempt from attachment." (*Legro* v. *Lord*, 10 Me. 161.)

Counsel for respondent cite many authorities in point, including cases in the Supreme Courts of Alabama, Arkansas, California, Michigan, North Carolina, Mississippi and Texas, which are in line with the above cases, which we omit, as they will appear in counsel's brief in the report of this case in 24th Nevada Reports. Of these citations we give *Allen* v. *Hale*, 1 Tex. Ct. of App. (Civil Cases) 741, wherein the court say:

" So long as the property remained the homestead, Brockin's creditors had no interest in it, and it would only be after the sale had been completed that his creditors could subject the proceeds to the payment of his debts. But, if he chose to make a gift to the wife of his interest in the homestead, his creditors cannot complain, as to them it cannot be considered fraudulent, for the obvious reason that they had no interest in the property. So, also, if, before the sale is made, he agreed to and did make a gift to his wife of the proceeds to induce her to join in the sale, then such proceeds would be the separate property of the wife, for the same obvious reason that, at the time of the gift, the creditors had no interest in the property, and no right to subject it to the payment of Brockin's debts."

There is nothing in our statutes prohibiting the husband from giving to his wife any property he may own, or in which he may have an interest, when such property is not subject to the claims of his creditors.

"All property of the wife, owned by her before marriage, and that acquired by her afterwards by gift, bequest, devise

or descent, with the rents, issues and profits thereof, is her separate property." (Gen. Stats. sec. 499.)

We are of opinion that there is substantial evidence to support the verdict upon all the material issues of fact raised in the case; that the court did not err in the instructions given or in refusing others, and that the verdict of the jury is not against law.

*The Costs:* Counsel for respondent moved this court to dismiss the appeal on the ground that the judgment is incomplete, in that the costs to which the plaintiff is entitled are not included in the judgment. The judgment, as entered, appears above, and as to costs it is, to wit, "and for her costs of suit," no amount being named therefor. It appears that the cost bill was filed in due time by the plaintiff after the entry of said judgment by the clerk, and the defendants duly moved the court to retax the costs, but subsequently withdrew their motion. The clerk should have inserted the amount of plaintiff's cost bill in the judgment after the defendants had withdrawn their motion to retax. Not having done so is not legal ground for dismissing the appeal.

The motion to dismiss is denied.

The judgment and order appealed from are affirmed, and the clerk of the district court will complete the entry of said judgment as above indicated.