Herbert J. PUTZ and Bessie Marie Putz, Appellees,

v.

Katherine L. PUTZ, Appellant.

No. 50054.

Supreme Court of Oklahoma.

Oct. 18, 1977.

As Corrected Jan. 9, 1978.

Rehearing Denied Jan. 11, 1978.

John W. McCune, Charles L. Woodstock, Tulsa, for appellees.

W. P. Huckin, Jr., Tulsa, for appellant.

BARNES, Justice:

The pivotal issue in this case is whether an after-acquired homestead purchased by a husband and his second wife is subject to a prior alimony judgment lien on the husband's real estate obtained by the first wife pursuant to a divorce decree.

The parties are in agreement on the facts. On March 4, 1971, Katherine Putz, Appellant herein, obtained a decree of divorce from Herbert J. Putz, Appellee, in the District Court of Tulsa County, Oklahoma. That court awarded her an alimony judgment of $15,000.00, payable in installments of $125.00 per month, with the payments to cease upon death or remarriage.

In the decree the alimony judgment was specifically made a lien on the real estate of Herbert J. Putz, but nothing was stated as to real estate to be acquired in the future.

Thereafter, Appellee, Herbert J. Putz, remarried. He and Appellee, Bessie Marie Putz, his second wife, acquired Lot 17, Block 1, Laymon Acres Addition to the City of Tulsa, Tulsa County, Oklahoma, and occupied the same as their homestead beginning in January, 1973. On September 25, 1975, Appellees, Herbert J. Putz and his second wife, entered into a contract to sell the aforementioned property to Howard McGowan and Betty J. McGowan.

The alimony judgment of Appellant appeared in the abstract as a cloud on the title of Appellees. Appellees filed a suit to quiet their title against Appellant. Appellant filed a cross-petition against Appellees praying judgment for unpaid alimony installments and that the judgment be declared a lien upon the real estate described in the quiet title action, and that the lien be foreclosed.

It was stipulated that Appellee, Herbert J. Putz, had not made the alimony payments due Appellant for the year 1975, or any of the alimony payments for the months of 1976.

The Trial Court held that the alimony judgment of Appellant was not a lien against the real estate of Appellee, Herbert J. Putz, and it was exempt as a homestead acquired by Appellees, Herbert J. Putz and Bessie Marie Putz, two years after the divorce decree. The Trial Court also denied the cross-petition of Appellant, holding that it was not germane to the action. From such judgment, Appellant lodged this appeal.

On appeal, Appellant sets forth two propositions: (1) The Trial Court erred in holding that the homestead of Appellee, Herbert J. Putz, is exempt from the lien of alimony judgment of his former wife, Appellant; and (2) The Trial Court erred in holding that the cross-petition of Appellant was not germane to matters involved in Appellees' original petition.

This is a case of first impression in Oklahoma. There are but few cases dealing with the question presented herein.

Appellant relies on the decision of this Court in *Haven v. Trammell*, 79 Okl. 309, 193 P. 631 (1920), where we said in the third syllabus:

"Where in a divorce, alimony in money is decreed, which is adjudged to be a lien upon all the real estate owned by the defendant in the state, the *homestead* of the defendant, *owned at the time such judgment* is rendered, *may be* legally *levied upon and sold for the payment* of the said alimony." (Emphasis ours)

We agree with that decision that a *homestead owned at the time* of the divorce judgment was subject to the court's jurisdiction. However, we think the case is distinguishable from the case at bar because here we have an *after-acquired home-*

*stead* purchased by the husband and second wife.

Appellant further relies on cases from other jurisdictions, including *Davis v. Davis,* 246 Iowa 262, 67 N.W.2d 566 (1954), in which the Iowa Supreme Court allowed a lien for alimony upon a subsequently acquired homestead where the decree provided it was a lien upon real estate "now or hereafter owned" by the husband. This case is also distinguishable since the decree herein does not indicate the Trial Court made Appellant's lien a prospective one.

While there appear to be several decisions from other jurisdictions to support Appellant's position, such as *Gardner v. Gardner,* 95 Ariz. 202, 388 P.2d 417 (1964), which rested on public policy grounds, and *Horan v. Horan,* 259 Ala. 117, 65 So.2d 486 (1953), see 54 A.L.R.2d 1428, citing cases both ways, we think the weight of reason supports the rule which sustains the exemption of the homestead of the second marriage from the first wife's alimony judgment lien on the husband's real estate.

We find persuasive the reasoning in *Yager v. Yager,* 7 Cal.2d 213, 60 P.2d 422 (1936), in which the California Supreme Court concluded that absent an express provision therefor in the statutes, the homestead of a husband and his second wife declared on their community property was not subject to execution sale upon a judgment for alimony or support of a former wife and child. The Court said therein:

> "The second wife is entitled to protection in the homestead of herself and her husband declared on their community property, and she cannot be turned out on an execution for unpaid alimony due the husband's first wife for support of herself and a minor child. There may be children of a second marriage, in which event the homestead of the second marriage provides an abode for such children. The homestead is not only for the benefit of the judgment debtor, but to protect each and every member of his family. (case cited) * * * The homestead law gives the same right to the spouse of the second marriage that it gives to all others contracting marriage. * * *

> "We are mindful that a husband's obligation to contribute to the support of his first wife and their child in accordance with the terms of the divorce decree is a solemn one, and that failure to perform this duty constitutes contempt and is a criminal offense. The law has provided special remedies to enforce this obligation. The dictates of good conscience do not require that, in addition, we interpolate into section 1241, Civil Code, a further exception that the homestead declared on community property of the second marriage should be subject to seizure for alimony due the first wife. * *"

Although we recognize this California case speaks of community property and that Oklahoma is not a community property State, we think the effect would be the same in view of the fact that the homestead was joint tenancy.

Judgment affirmed.

DAVISON, WILLIAMS, IRWIN, and BERRY, JJ., concur.

HODGES, C. J., and SIMMS, J., concur in result.

LAVENDER, V. C. J., and DOOLIN, J., dissent.