OPINION
 

 By the Court,
 

 Springer, J.:
 

 Appellant Linda Lofgren raises several points on appeal which we conclude are meritless. On the other hand, her husband,
 
 *1283
 
 Benjamin Lofgren, in his cross-appeal, raises significant issues relating to disposition of community property under the 1993 amendment of NRS 125.150. Mr. Lofgren, the husband in this divorce action, claims that the district court erred in making an unequal disposition of community property under NRS 125.150. We conclude that the district court decided correctly; and we affirm its judgment.
 

 In deciding the cross-appeal in this case, we interpret for the first time language in the 1993 amendment to NRS 125.150, which requires that courts “make an equal disposition” of community property rather than the equitable division required prior to 1993. The 1993 amendment to NRS 125.150 requires an equal disposition of community property, unless “the court finds compelling reasons” for not dividing the property equally and “sets forth in writing the reasons for making an unequal disposition.”
 

 When the legislature changed property division from equitable to equal, it deleted the equitable factors that formerly had to be applied by the courts in making a “just and equitable” disposition of community property; but, in making these changes, the legislature did not define the “compelling reasons” exception to equal division. As a consequence, trial judges were left to their own devices in deciding what reasons should
 
 compel
 
 the unequal division of property. Although the trial judge in this case did not undertake to define the term “compelling reasons,” as such, he did correctly apply the law to the facts when he ruled, in effect, that the financial misconduct of the husband provided compelling reasons for an unequal division of the community property.
 

 The financial misconduct in this case is found in the husband’s having transferred funds to his father and in his having used community funds for his own purposes, all in violation of the court’s preliminary injunction. The trial court made a finding that the husband violated the joint preliminary injunction which prohibited the husband from “[tjransferring, encumbering, concealing, selling or otherwise disposing of” any of the community property of the parties. The trial court further found the husband “wasted and/or secreted most of the $80,000.00 transferred to him” by his “father in order to avoid sharing that money with” his wife. The trial court was justified in making an unequal disposition of community property under these circumstances; and we hold that if community property is lost, expended or destroyed through the intentional misconduct of one spouse, the court may consider such misconduct as a compelling reason for making an unequal disposition of community property and may appropriately augment the other spouse’s share of the remaining community property.
 

 
 *1284
 
 The financial misconduct in this case, according to trial court findings, is found in the husband’s violation of the restraining order and in his wasting or secreting of community funds. The trial court relied upon two different aspects of the husband’s misconduct in adjudicating the unequal disposition.
 

 The first aspect relates to the husband’s transfer, in defiance of the injunction, of $100,000.00 in community funds to his father. The court found that the father paid back some of this money but that there remained an unaccounted-for $39,800.00, which the court concluded was either wasted or secreted by the husband.
 

 The second aspect of financial misconduct relates to a number of transfers of community funds that were made by the husband in violation of the preliminary injunction. These are:
 

 1. Transfer of $17,000.00 of community funds for the husband’s personal use.
 

 2. Use of $11,200.00 of community funds to improve the husband’s house on Bruce Street.
 

 3. Use of $10,000.00 in community funds to furnish the husband’s house on Bruce Street.
 

 4. Transfer of $13,000.00 of community funds to his father on May 17, 1993.
 

 5. Misappropriation of $5,000.00 of community funds paid to his children without court consent.
 

 TOTAL: $56,200.00.
 

 When the mentioned $39,800.00 is added to the $56,200.00, there is a total of $96,000.00. It would appear, then, that the trial court could properly augment the wife’s share of the community property by one-half of this $96,000.00, or $48,000.00.
 

 “The district court’s findings of fact will not be set aside unless those findings are clearly erroneous.” Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 25, 866 P.2d 1138, 1139 (1994) (citation omitted). The trial court’s findings relative to the husband’s transfers of community property in violation of the injunction and his waste or secreting of assets are certainly not “clearly erroneous” and must be accepted by this court as being true.
 

 Based on the trial court’s findings, we note that the total amount of community property disposed of in this case was $992,573.00. Under an equal disposition, each party would have received $496,286.50. By the award in this case, the wife was given $540,393.00, some $44,106.50 more than a one-half share, rather than the $48,000.00 mentioned above. The $3,893.50 difference is to the cross-appellant husband’s advantage and need not be considered in deciding his cross-appeal. The trial court has correctly augmented the wife’s share of the community property in an amount very close to one-half of the value
 
 *1285
 
 of the property that was improperly expended or misused by the husband.
 

 The parties to this appeal, as appellant and cross-appellant, have presented a number of other questions for review. We have considered these and found them to be without merit. The judgment of the trial court is affirmed.
 

 Steffen, C. J., and Young, Shearing, and Rose, JJ., concur.