MITCHELL PUTTERMAN, Appellant, v. BARBARA LEWIS PUTTERMAN, Respondent.

No. 25598

May 22, 1997                                    939 P.2d 1047

*Joseph W. Houston, II,* Las Vegas, for Appellant.

*Wells, Kravitz, Schnitzer & Sloane,* Las Vegas, for Respondent.

## OPINION

By the Court, Springer, J.:

The family court divided the community property of the parties

to this divorce action *unequally*. NRS 125.150 requires the court to make an *equal* disposition of the community property except in cases in which the "court finds a compelling reason" for making an "unequal disposition" and "sets forth in writing the reasons for making the unequal disposition." *See* Lofgren v. Lofgren, 112 Nev. 1282, 926 P.2d 296 (1996).

The unequal disposition in this case was made in the form of giving to the wife certain stock and a valuable country club membership in addition to giving her a one-half share in the remaining community property of the parties.[1] The court explained this unequal disposition by stating that failure to award the wife this additional, greater-than-half share of the community property "would be inequitable." On this ground, the court proceeded to divide the property unequally, and, as put by the court, "fairly and equitably." "Fairly and equitably" in this case took the form of the court's giving to the wife somewhat more than an equal, one-half share of the community property. The question before this court is whether, under NRS 125.150, the district court erred in dividing the community property "fairly and equitably" rather than equally.

In *Lofgren,* we noted that "when the legislature changed property division from equitable to equal, it deleted the equitable factors that courts formerly were required to apply in making a 'just and equitable' disposition of community property." *Id.* at 1283, 926 P.2d at 297. We also noted in *Lofgren* that the legislature did not define what it meant when it permitted an unequal division to be made in cases in which the court found "compelling reasons" for doing so. *Id.* In *Lofgren,* we defined one form of "compelling reasons" which would justify an unequal division of community property as that which arose out of the financial misconduct of one of the parties. Thus, in *Lofgren,* we approved of a lesser, unequal share of the community property being given to an errant husband who, in violation of court order, had "wasted" or "secreted" community assets. *Id.*

In this case, the court based its unequal disposition on its vision of *equity* and *fairness* and, more specifically, on the fact that the wife was the principal acquirer of the community prop-

---

[1]We note that the trial court attempted to rationalize part of its unequal division by mentioning the fact that the wife had borrowed some of the money that went into the stock purchase. The trial court made no finding that any part of the stock or its appreciation were separate property of the wife; but even if this had been the case, it is clear that the court, independent of any separate property considerations, effected an unequal disposition of community property in this case and that the court made this unequal division "equitably" and on the basis of the husband's being "less of a contributing member to the community" than the wife.

erty and that the husband was "less of a contributing member to the community."

Prior to the 1993 amendment to NRS 125.150, the court was not only empowered but required to dispose of community property in a manner that was "just and equitable" and in doing so had to consider, among other factors, "the party through whom the property was acquired." As pointed out in *Lofgren,* in 1993, this and other equitable factors were deleted from the statute; and the amended statute commanded *equal* rather than equitable disposition.

The wife argues in her brief "the proper standard for community property division in the present case is just and equitable distribution" because the statute did not go into effect until after the complaint was filed in this case. We disagree and hold that NRS 125.150, as amended in 1993, should have been applied by the trial court when it entered its decree of February 7, 1994. Because of the 1993 legislative change from equitable to equal disposition of community property, we now hold that it was error for the district court to divide the Puttermans' community property "fairly and equitably" without the statutorily mandated finding of "compelling reasons" for an unequal disposition.

As pointed out by the wife in her brief, the trial court "did not make a determination as to which version of the statute would control the case, but instead entered specific and meticulous findings of fact which set forth numerous compelling reasons for a division which was unequal." Based upon the findings of the trial court we conclude that, following *Lofgren* and NRS 125.150 as amended, compelling reasons exist in this case to justify the unequal disposition of community property decreed by the trial court; and we affirm the trial court's judgment.

In *Lofgren,* we defined one species of "compelling reasons" for unequal disposition of community property, namely, financial misconduct in the form of one party's wasting or secreting assets during the divorce process. There are, of course, other possible compelling reasons, such as negligent loss or destruction of community property, unauthorized gifts of community property and even, possibly, compensation for losses occasioned by marriage and its breakup. *See, e.g.,* Moge v. Moge, 3 S.C.R. 813, 43 R.F.L. 3d 345 (Canada 1992); DeLa Rosa v. DeLa Rosa, 309 N.W.2d 755 (Minn. 1981) (compensation (not favorable property allocation) granted to wife as "reimbursement" for her support of husband while he obtained a medical degree).

It should be kept in mind that the secreting or wasting of community assets while divorce proceedings are pending is to be distinguished from undercontributing or overconsuming of community assets during the marriage. Obviously, when one party to a marriage contributes less to the community property than the other, this cannot, especially in an equal division state, entitle the other party to a retrospective accounting of expenditures made during the marriage or to entitlement to more than an equal share of the community property. Almost all marriages involve some disproportion in contribution or consumption of community property. Such retrospective considerations are not and should not be relevant to community property allocation and do not present "compelling reasons" for an unequal disposition; whereas, hiding or wasting of community assets or misappropriating community assets for personal gain may indeed provide compelling reasons for unequal disposition of community property.

As mentioned above, the trial court made "specific and meticulous findings of fact which set forth numerous compelling reasons for a division which was unequal." Based upon these findings, we conclude that here, as in *Lofgren,* there are sufficient compelling reasons to justify the trial court's unequal disposition of the property.

The trial court made the following findings:

> (2) Mitchell had refused to account to either Barbara or to the court for any finances over which he had control, including separate property or earnings;
>
> (3) *after the separation,* Mitchell charged several thousand dollars on credit cards which Barbara paid . . . (emphasis supplied);
>
> . . . .
>
> (5) the court believed Mitchell was lying about having no income.

The husband's financial misconduct in the form of his having refused to account to the court concerning "earnings" and other financial matters "over which he had control" and the husband's "lying" to the court about his income both provide compelling reasons for unequal disposition. Further, the husband's appropriating to his own use, after separation, "several thousand dollars" which had to be repaid by the wife presents the kind of financial misconduct that can form the basis for a finding of compelling reasons for unequal division.

The unequal disposition of community property in this case was certainly not excessive under the circumstances. The wife

was awarded a country club membership and a portion of stock in a closely-held corporation which the wife was able to purchase because she was an employee of the corporation. There are certainly more than ample compelling reasons in this case for making this kind of unequal disposition of community property; therefore, we affirm the judgment of the trial court.

SHEARING, C. J., and ROSE and YOUNG, JJ., concur.[2]