An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RHONDA M. HALLENBACK A/K/A
RHONDA M. DAVIS,
Appellant,
vs.
JOSEPH D. HALLENBACK,
Respondent.

No. 59203

**FILED**

SEP 2 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court divorce decree. First Judicial District Court, Carson City; James E. Wilson, Judge.

Rhonda Hallenback appeals from the divorce decree in which the district court divided the couple's property. We review decisions made in a divorce decree for an abuse of discretion, and will affirm those decisions supported by substantial evidence. *DeVries v. Gallio*, 128 Nev. ___, ___, 290 P.3d 260, 263 (2012).

Specifically at issue is the district court's decision to award Joseph Hallenback the entirety of his Carpenters Southwest Pension Plan benefits and Southern Nevada Carpenters Annuity. Because Joseph earned this pension while the parties were married, it was community property, as recognized by the district court in its oral adjudication and written order. However, the district court had discretionary authority under NRS 125.150(1)(b) to unequally divide the pension as long as it found "a compelling reason to do so and set[ ] forth in writing the reasons for making the unequal disposition." Though the district court did not use the phrase "compelling reason," in its written order it articulated

14-32168

sufficiently compelling circumstances for the unequal distribution of the community property at issue here, namely, that because Joseph earned the Carpenters pension after the parties separated it was fair to award that pension to Joseph. The unique circumstances present support the district court's decision: the parties were separated for over 20 years without divorcing, and Joseph did not get the job that produced the Carpenters pension benefits until 6 years after the parties separated. Furthermore, the district court's division of the parties' community property was not one-sided, as Rhonda received the full pension benefits that Joseph earned from a different job while the pair actually cohabitated.

Rhonda argues that this court has recognized only financial misconduct resulting in economic loss as compelling enough to justify an unequal distribution of community property under NRS 125.150(1)(b). *See Putterman v. Putterman*, 113 Nev. 606, 608-09, 939 P.2d 1047, 1048-49 (1997); *Lofgren v. Lofgren*, 112 Nev. 1282, 1283-85, 926 P.2d 296, 297-98 (1996). But those cases do not interpret the statute as limited solely to those circumstances, nor does the statute delineate such a limited understanding on the compelling reasons that may support unequal division.

Finally, Rhonda argues that NRS 125.155, which controls the valuation of public employee pensions for the purposes of divorce proceedings, demonstrates this State's pension division policy for divorces. But the specific rules governing public employee pensions did not take away the district court's discretionary authority under NRS 125.150(1)(b) to unequally divide the non-public pension at issue here.

The district court's findings merit deference, and we discern no abuse of discretion in this division. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:  Hon. James E. Wilson, District Judge
     Robert A. Grayson
     Rusby Clark, PLLC
     Lemons, Grundy & Eisenberg
     Legal Aid Center of Southern Nevada
     Anne R. Traum
     Carson City Clerk