An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAMELA FULLER, N/K/A PAMELA
MYERS,
Appellant,
vs.
EDWARD FULLER,
Respondent.

No. 64326

**FILED**

JUN 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court divorce decree. Second Judicial District Court, Family Court Division, Washoe County; Bridget E. Robb, Judge.

Appellant first asserts that the district court abused its discretion because it did not find that certain quitclaim deeds represented gifts of real property from respondent to appellant. Appellant initially argued in the district court, however, that valid consideration between the parties supported the quitclaim transfers and failed to argue that the transfers were gifts until after the district court's order. "Points or contentions not raised in the original hearing cannot be maintained or considered on rehearing." *Achrem v. Expressway Plaza Ltd. P'ship*, 112 Nev. 737, 742, 917 P.2d 447, 450 (1996). Accordingly, we conclude that the district court properly refused to rule on rehearing that the quitclaim deeds represented gifts. Additionally, the court did not abuse its discretion when it determined that the quitclaim transfers were not supported by consideration and awarded respondent a community interest in the disputed properties. *Simmons v. Simmons*, 249 S.W.3d 843, 846-47 (Ark. Ct. App. 2007) (holding that a couple's marriage was not adequate

SUPREME COURT
OF
NEVADA

(O) 1947A

15-17846

legal consideration to support their post nuptial agreement); *see Berge v. Fredericks*, 95 Nev. 183, 187, 591 P.2d 246, 248 (1979) (explaining that although marriage may constitute valuable consideration for the transfer of property, when the marriage is consummated prior to the agreement to transfer property, the marriage is not valuable consideration).

Appellant next contends that the district court abused its discretion when it awarded a Fidelity financial account to appellant as separate property but awarded to respondent a community interest in certain stock that appellant, in a post-divorce decree motion, asserted was held in the Fidelity account. Because neither party sought to admit into evidence the proposed exhibit that appellant now relies on, no evidence supported a finding that the stock was separate property, and thus the district court did not abuse its discretion in determining that the stock was community property. *See Burroughs Corp. v. Century Steel, Inc.*, 99 Nev. 464, 470, 664 P.2d 354, 358 (1983) (holding that a district court determination which was based upon an exhibit not admitted into evidence was clearly erroneous). Additionally, the district court properly determined that post-judgment relief was not warranted by the proposed exhibit, as the failure of appellant's trial counsel to present evidence on the matter at trial is not grounds for post-judgment relief. *Achrem*, 112 Nev. at 742, 917 P.2d at 450.

Appellant also argues that the district court abused its discretion when it attributed financial waste to appellant because it did not specifically find that appellant had intended that her sister take the money at issue. The district court did not abuse its discretion, however, because it may make an unequal division of community property without finding that a party intentionally wasted community property. *Putterman*

*v. Putterman*, 113 Nev. 606, 608, 939 P.2d 1047, 1048 (1997) (providing that negligent loss of community property is grounds for an unequal distribution of community property). Additionally, substantial evidence supports the district court's determination that appellant's sister's withdrawals did not represent repayments on community debt owed to the sister.

Finally, appellant challenges the valuation of the community catering business. Appellant argues that the district court should have ordered the business sold and the proceeds split between the parties, but provides no portion of the record requesting this relief in the district court. Thus, appellant has waived this request for relief. *See* NRCP 7(b) (request for order to be made by motion). Additionally, appellant's reliance on post-divorce decree "evidence" questioning the district court's valuation of the business is unavailing, as appellant had a duty to present this testimony at the time of the hearing on the matter. *See Drespel v. Drespel*, 56 Nev. 368, 45 P.2d 792, 793 (1935) (providing that litigants must be active and diligent in procuring the testimony upon which they rely to maintain their cause and that available evidence must be presented at the initial trial on the matter). We conclude that appellant has failed to demonstrate that the district court's valuation method was an abuse of discretion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                                            Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Bridget Robb Peck, District Judge
Margaret M. Crowley, Settlement Judge
Richard F. Cornell
Attorney Marilyn D. York, Inc.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A