# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEANOT JEAN-CHARLES,
Appellant,
vs.
DELIVRANCE M. JEAN-CHARLES,
Respondent.

No. 61924

**FILED**

JAN 2 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a divorce decree concerning property division and spousal support. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

During the divorce proceedings, the parties agreed to keep as their separate property the vehicles and personal property in their possession. An evidentiary hearing was held regarding the rest of their property and liabilities and spousal support. In the divorce decree, the district court awarded respondent real property located in Haiti that was acquired during the marriage. It also ordered appellant to repay respondent $11,550 for his share of the rent paid by respondent during the separation and $4,000 for the amount he had withdrawn from the college savings accounts established for the parties' children. Lastly, the court awarded respondent spousal support in the amount of $200 monthly for a period of sixty months.

Having considered the parties' arguments and the record on appeal, we first conclude that the district court abused its discretion in awarding respondent the Haiti property because the court failed to set forth in writing a compelling reason for the unequal division of community

16-02887

property. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (explaining that this court reviews a division of community property for an abuse of discretion). Because the Haiti property was acquired during the marriage, it is presumed to be community property, NRS 123.220, and the district court can only make an unequal distribution of community property if the court sets forth in writing its conclusion that there is a compelling reason for an unequal distribution, NRS 125.150(1)(b); *see Putterman v. Putterman*, 113 Nev. 606, 607, 939 P.2d 1047, 1047 (1997). Here, the court referenced appellant's failure to list the Haiti property in his bankruptcy prior to awarding the property to respondent. While the court has discretion to conclude that appellant's failure to list the Haiti property in his bankruptcy is a compelling reason for an unequal distribution of community property, because the court failed to make proper, written findings regarding a compelling reason for an unequal distribution, we must reverse the award of the Haiti property to respondent and remand for additional findings as to this issue. NRS 125.150(1)(b). Nevertheless, because appellant agreed to the distribution of the parties' vehicles and personal property, we affirm the district court's distribution of the remaining community property. *Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19.

In regard to the court's order that appellant repay respondent $11,550 for his share of the rent and $4,000 for the withdrawals from the college savings accounts, we conclude that the district court abused its discretion. *Id.* Respondent concedes that the district court miscalculated the amount that appellant was ordered to pay for his share of the rent, and thus, we reverse and remand that order. Further, because appellant provided the district court with evidence that he withdrew less than

$4,000 from the college savings accounts, the district court abused its discretion by ordering him to repay respondent that amount, and therefore, we also reverse and remand that order.

Lastly, we conclude the district court abused its discretion in awarding respondent spousal support because the court failed to consider the factors outlined in NRS 125.150(8) (2013) prior to making the award. *See Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19 (providing that this court reviews an award of spousal support for an abuse of discretion); *see also Devries v. Gallio*, 128 Nev., Adv. Op. 63, 290 P.3d 260, 265 (2012) (explaining that this court cannot adequately review a spousal support issue when the district court does not explain its reasons for awarding or denying spousal support). Thus, we reverse the award of spousal support to respondent and remand this matter for further proceedings consistent with this order.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Eighth Judicial District Court, Family Court Division, Dept. F
Reid Rubinstein Bogatz
Hawley Law, Chtd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A