NAMOW CORPORATION, DBA WOMENS HOSPITAL, APPELLANT, v. ALISON McKAY EGGER AND JOHN EGGER, RESPONDENTS.

No. 12584

August 31, 1983                                    668 P.2d 265

*Ordowski & Eads,* Las Vegas, for Appellant.

*Morse-Foley,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*[1]

This is an appeal from a judgment awarding appellant an equitable lien in the amount of $8,959.36 on the proceeds of a pending sale of a condominium located at Incline Village, Nevada. Appellant contends that it should have been allowed to enforce a constructive trust upon the property rather than being limited to the amount of the lien. Additionally, appellant contends that the community property of the respondents is available to satisfy the amount of a default judgment entered against respondent, Alison Egger.

In 1973, Alison Egger commenced working in the accounting department of the Womens Hospital, a hospital located in Las Vegas and owned by appellant. Over the course of the next four years, she embezzled some $215,000 from the hospital. In 1976, the Eggers purchased the condominium at issue here, and some of the embezzled funds were used to make the down payment.[2] In 1977, Alison Egger's misappropriations were discovered and she was discharged. Shortly thereafter, she quitclaimed her interest in the condominium to her husband John Egger. In 1978, John Egger signed escrow instructions for the sale of the condominium for a price approximately $37,000 greater than the Eggers paid. Close of escrow has been held up by a *lis pendens* pending the outcome of this case.

In November of 1977, appellant filed suit against the Eggers

---

[1] JUSTICE JOHN MOWBRAY voluntarily disqualified himself from the decision in this case.

[2] The district court did not make a specific finding that the down payment was made with embezzled funds. Nevertheless, the amount of the equitable lien imposed by the district court was the exact amount of the down payment. There is no explanation for the district court's action other than an implied finding that the $8,959.36 down payment was made entirely with embezzled funds.

seeking to recover its ·funds. Appellant contended that the Eggers jointly conspired to deprive it of its funds. It sought a judgment holding the Eggers jointly and severally liable for the amount of the misappropriations and sought to enforce a constructive trust upon property held by the Eggers or other third parties which had been purchased with the misappropriated funds.

At trial it was determined that John Egger was unaware of his wife's activities. This finding is not challenged by appellant. The trial court also found that John Egger had not benefitted from his wife's activities, that there was no existing community property as of the time of trial and that the misappropriated funds could not be traced into any former community asset. In its judgment the trial court held Alison Egger personally liable for the full amount of the misappropriated funds based on her default. The court refused to hold John Egger personally liable, but it did grant an equitable lien on the proceeds of the sale of the condominium in the amount of the down payment.

Appellant contends that because misappropriated funds were used for the down payment on the condominium, the condominium was held subject to a constructive trust for appellant's benefit. Respondents do not contest that the down payment was made with misappropriated funds; they do assert that an equitable lien is the proper remedy for the return of misappropriated property in the hands of an innocent party.

A constructive trust is a remedial device by which the holder of legal title to property is deemed to be a trustee of that property for the benefit of another who in good conscience is entitled to it. Locken v. Locken, 98 Nev. 369, 650 P.2d 803 (1982); *see also* Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966). When a thief embezzles money and uses it to purchase property, he or she can be required to convey the property to the person from whom the money was taken, by means of a constructive trust. *See* Haskel Engineering & Supply v. Hartford Acc., 144 Cal Rptr. 189 (Ct.App. 1978); G & M Motor Co. v. Thompson, 567 P.2d 80 (Okla. 1977); Lane County Escrow Serv., Inc. v. Simth, 560 P.2d 608 (Or. 1977); Restatement of Restitution § 202 (1937). Where the property which is subject to a constructive trust is gratuitously transferred to a donee, the donee holds the property upon a constructive trust for the equitable owner. *See* Kline v. Orebaugh, 519 P.2d 691 (Kan. 1974); Corporation of Pres. of Ch. of Jesus Christ v. Jolley, 467 P.2d 984 (Utah 1970); Restatement of Restitution § 201; *see also* Restatement (Second) of Trusts § 289 (1959); Annot., 38 A.L.R.3d 1354 (1971).

John Egger contends that a constructive trust is inapplicable because the condominium has how been sold. As mentioned earlier, however, the contract of sale is still executory. Legal title is consequently still in respondent Egger. Thus, Egger's contention is without merit. We find no basis for the district court's judgment limiting appellant to an equitable lien in the amount of the down payment. Appellant should have been awarded a constructive trust on the condominium.

Insofar as John Egger has made principal payments on the mortgage, and improvements, and has paid taxes and other charges related to the condominium, he is entitled to reimbursement. *See* Church v. Bailey, 203 P.2d 547 (Cal.Ct.App. 1949); *cf.* Janson v. Schier, 375 A.2d 1159 (N.H. 1977) (reimbursement for costs of improvements available where transfer set aside as being in fraud of creditors); Angers v. Sabatinelli, 293 N.W. 173 (Wis. 1940) (reimbursement for taxes, other charges, and payments on mortgage available where transfer set aside as in fraud of creditors); Restatement (Second) of Trusts § 291 comment p, § 292 comment d (1959) (reimbursement for expenses of taxes, other charges and improvements available where property subject to constructive trust because transferred in breach of express trust).

Appellant also seeks a declaration that other community property of the Eggers is available to satisfy the liability incurred as a result of Alison's misappropriations. The trial court made findings that no community assets existed between the Eggers, and that funds of plaintiff could not be traced into any former community asset. Appellant has challenged the evidence in support of this finding only insofar as it relates to the condominium. As it has already been determined that appellant is entitled to a constructive trust on the condominium, this issue need not be addressed.

The district court's judgment against John Egger is reversed. This matter is remanded for a determination of the amount of reimbursement to which John Egger is entitled, and for entry of a judgment declaring a constructive trust on the condominium and any sale proceeds.