CHARLES JOSEPH MAKI, Appellant, v. ESTHER FAYE CHONG, Respondent.

No. 39041

August 29, 2003                                75 P.3d 376

*Charles Joseph Maki,* Indian Springs, in Proper Person.

*Stephens Knight & Edwards* and *Sandra Newmark,* Reno, for Respondent.

---

Before Rose, Maupin and Gibbons, JJ.

## OPINION

*Per Curiam:*

Appellant Charles Maki has appealed in proper person from a district court order declaring that real property owned by Maki's sister, respondent Esther Chong, was not subject to execution because of a properly filed homestead declaration under NRS 115.010. Maki previously obtained a default judgment against Chong on his complaint for breach of contract, fraud, and conversion. The complaint alleged that Chong converted Maki's settlement check and used the funds to purchase the real property at issue.

Although public policy favors homestead exemptions in all but a few situations, we cannot allow a debtor to be shielded by the homestead exemption to further a fraud or similar tortious conduct. We therefore conclude that the homestead exemption does not apply to transactions involving fraud or similar tortious conduct. Under the doctrine of equitable liens, Chong's homestead exemption does not extend to process of the court regarding enforcement of Maki's default judgment.

### FACTS

Maki, an Ely State Prison inmate, signed a limited power of attorney allowing Chong to cash his State Industrial Insurance Sys-

tem (SIIS) settlement check. The settlement check represented a permanent partial disability benefit award of $37,974.62. Chong allegedly agreed to open a savings account and deposit the check. She was to use the money to obtain a criminal defense attorney to assist Maki in his appeal.

Chong cashed the check; however, she did not open an account for Maki. Instead, Chong used Maki's money to purchase a home in Washoe County. Chong also informed Maki that each month, she cashed his $100 SIIS benefit check. Chong told Maki she would not be returning any of his funds.

Maki filed a complaint for breach of contract, fraud, and conversion in which he sought declaratory and injunctive relief, compensatory damages, and court costs. Chong failed to file a response, and Maki ultimately obtained a default judgment.

Maki recorded a purported "property lien" in Washoe County against any and all property Chong owned on March 10, 1998. Chong recorded a homestead declaration on December 31, 1998. Maki then filed a motion asking the district court to issue a writ of execution pursuant to NRS Chapter 21, which the district court granted. Maki mailed a notice of execution to Chong and filed a copy with the Seventh Judicial District Court. In compliance with NRS 21.112, Chong mailed an affidavit setting out a claim of exemption,[1] asserting that her home was exempt from execution because her equity did not exceed $125,000 and she had previously filed a homestead declaration.

After Chong filed her notice of claim of exempt property, Maki filed a motion for a hearing on the exemption issue. The district court granted the motion and found Chong's affidavit for exemption null and void. Maki proceeded with execution against Chong's property, and the district court scheduled a sheriff's sale of the property.

Eleven days before the scheduled sale and after obtaining counsel, Chong filed a motion for relief from the district court's order. The district court ordered a stay of the execution sale and conducted a hearing, with Maki's presence waived due to his incarceration. After the hearing, the district court found that Chong had filed a valid homestead declaration on the property in issue and the equity in that property was less than $125,000. Based upon these findings, the district court concluded that the property was exempt from execution. The district court vacated the initial order regarding the issue of exemption. This appeal followed.

---

[1]NRS 21.112(1) provides that

> [i]n order to claim exemption of any property levied on, the judgment debtor must, within 8 days after the notice prescribed in NRS 21.075 is mailed, serve on the sheriff and judgment creditor and file with the clerk of the court issuing the writ of execution an affidavit setting out his claim of exemption.

## DISCUSSION

"The purpose of the homestead exemption is to preserve the family home despite financial distress, insolvency or calamitous circumstances . . . ."[2] Thus, a homestead exemption prohibits a forced sale, subject to several statutory exceptions, none of which apply here.[3] Specifically, the homestead exemption is inapplicable to legal tax liens, mortgages, deeds of trust, and homeowner's association liens.[4] We have also allowed the homestead exemption to be disregarded to satisfy child support obligations.[5] In *Breedlove v. Breedlove,*[6] we concluded the homestead exemption did not apply because the debtor, a parent who owed child support arrearages, was "not the type of debtor whom the legislature sought to protect."

There is a time-honored principle that states that he who keeps property that he knows belongs to another must restore that property.[7] This idea, manifested in the doctrine of equitable liens, permeates our entire system of justice regarding equity. "[O]ne who has purchased real property with funds of another, under circumstances which ordinarily would entitle such other person to enforce a constructive trust in, or an equitable lien against, the property, cannot defeat the right to enforce such trust or lien on the ground that [the homestead exemption applies]."[8]

Although none of our previous decisions is directly on point, other jurisdictions have squarely addressed this issue.[9] In *Webster v. Rodrick,*[10] the Washington Supreme Court concluded that the

---

[2]*Jackman v. Nance,* 109 Nev. 716, 718, 857 P.2d 7, 8 (1993).

[3]NRS 115.010(1).

[4]NRS 115.010(3).

[5]*Phillips v. Morrow,* 104 Nev. 384, 385-86, 760 P.2d 115, 116 (1988); *Breedlove v. Breedlove,* 100 Nev. 606, 608, 691 P.2d 426, 427 (1984).

[6]100 Nev. at 609, 691 P.2d at 428.

[7]*See Blackstone's Commentaries on the Law* 577 (Bernard C. Gavit ed., 1941).

[8]Annotation, *Remedy of One Whose Money Is Fraudulently Used in the Purchase or Improvement of Real Property,* 43 A.L.R. 1415, 1446 (1926).

[9]*See, e.g., Mack v. Marvin,* 202 S.W.2d 590, 594 (Ark. 1947); *Duhart v. O'Rourke,* 221 P.2d 767, 769 (Cal. Ct. App. 1950); *Jones v. Carpenter,* 106 So. 127, 130 (Fla. 1925); *In re Munsell's Guardianship,* 31 N.W.2d 360, 367 (Iowa 1948); *Long v. Earle,* 269 N.W. 577, 582 (Mich. 1936); *American Ry. Express Co. v. Houle,* 210 N.W. 889, 890 (Minn. 1926); *Wells Fargo Bank Intern. v. Binabdulaziz,* 478 N.Y.S.2d 580, 582 (Sup. Ct. 1984); *Curtis Sharp Custom Homes, Inc. v. Glover,* 701 S.W.2d 24, 25-26 (Tex. App. 1985); *Webster v. Rodrick,* 394 P.2d 689, 691-92 (Wash. 1964); *Warsco v. Oshkosh Savings & Trust Co.,* 208 N.W. 886, 887 (Wis. 1926).

[10]394 P.2d at 691.

doctrine of equitable liens provided the proper relief for a creditor when a debtor fraudulently obtained the money used to purchase real property. " 'Equitable liens become necessary on account of the absence of similar remedies at law.' "[11] The court in *Webster* refused to let the debtor "use the statutes as a sword to protect a theft."[12] Likewise, Chong is undeserving of protection under the homestead exemption if she fraudulently obtained the funds to purchase her home.

"The homestead exemption statute cannot be used as an instrument of fraud and imposition."[13] Public policy supports our application of an exception to homestead exemptions for victims of fraud or similar tortious conduct. An individual using fraudulently obtained funds to purchase real property should not be protected by the homestead exemption because the exemption's purpose is to provide protection to individuals who file the homestead exemption in good faith.

Chong obtained Maki's funds by fraudulent means; therefore, the homestead exemption does not protect her. Chong never responded to Maki's complaint, and the district court entered a default judgment. Based upon our opinion today, Chong's homestead exemption is invalid.

## CONCLUSION

Under equitable lien principles, the homestead exemption is inapplicable when the proceeds used to purchase real property can be traced directly to funds obtained through fraud or similar tortious conduct. We conclude that, as in the case of a debtor owing child support obligations, debtors who fraudulently acquire funds are "not the type of debtor whom the legislature sought to protect."[14] Chong's homestead exemption cannot apply to prevent a forced sale on execution of Maki's judgment. We reverse the district court's order and remand with instructions for the district court to enter an order consistent with this opinion that Chong's homestead exemption is invalid against Maki's default judgment.

[11]*Id.* (quoting *Jones,* 106 So. at 128-29).

[12]*Id.*

[13]*Id.* at 692.

[14]*Breedlove,* 100 Nev. at 609, 691 P.2d at 428.