NOT FOR PUBLICATION

FILED

JAN 31 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>WAHLING HUI,<br><br>        Debtor. | BAP No. NV-23-1130-BNF<br><br>Bk. No. 21-15681-abl |
| WAHLING HUI,<br>        Appellant,<br>v.<br>SHELLEY D. KROHN, Chapter 7 Trustee,<br>        Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
August B. Landis, Chief Bankruptcy Judge, Presiding

Before: BRAND, NIEMANN,[**] and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellant Wahling Hui appeals an order sustaining in part and overruling in part the chapter 7[1] trustee's objection to certain exemptions Hui claimed under Nevada law. We AFFIRM.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Hon. Jennifer E. Niemann, U.S. Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "NRS" references are to the Nevada Revised Statutes, and all "NRCP" references are to the Nevada Rules of Civil Procedure.

# FACTS

## A. Prepetition events

Prior to Hui's bankruptcy filing, her daughter, Jamie Lee (f/k/a Michelle Wong) ("Lee"), purchased a home in Las Vegas known as Casa Bella, which Lee transferred to an irrevocable trust known as the Wong Trust. Lee and her minor son were the sole beneficiaries of the Wong Trust; Hui was the trustee.

After Lee and her son relocated to California, Hui, without consent or knowledge of the beneficiaries, sold Casa Bella for $600,000, which was $260,000 below market value. Hui then used $318,000 of the proceeds to purchase a home in Las Vegas known as Minots Ledge for her personal use. Of the remaining proceeds, Hui gave $100,000 to Lee, then exhausted all but $22,038.85.

Ultimately, Lee prevailed in a suit against Hui in Nevada state court. On October 14, 2021, the state court entered a default judgment ("Judgment") against Hui concluding that she: (1) breached fiduciary duties owed to the Wong Trust beneficiaries by selling Casa Bella for under market value and misappropriating a portion of the funds to purchase Minots Ledge for her sole use and benefit; and (2) unjustly enriched herself by misappropriating Wong Trust funds to purchase Minots Ledge. The state court authorized the clerk of court to execute a quitclaim deed to transfer ownership of Minots Ledge to Lee, and it entered judgment in favor of Lee and against Hui for $419,984.77 plus attorney's fees and costs. Hui did not appeal.

Meanwhile, in late 2019, Hui recorded a declaration of homestead for Minots Ledge.

On November 30, 2021, the clerk of court executed a quitclaim deed conveying Minots Ledge to Lee in accordance with the Judgment. The quitclaim deed to Lee was recorded on December 10, 2021. Around this time, Lee caused a five-day notice to quit and five-day notice of unlawful detainer to be served on Hui in an effort to evict her from Minots Ledge.

## B.   Postpetition events

On December 15, 2021, Hui filed a skeletal chapter 7 bankruptcy case.[2] Shelley D. Krohn ("Trustee") was appointed as trustee.

Trustee continued the § 341(a) meeting of creditors multiple times to afford Hui an opportunity to amend her schedules. Hui filed several versions of her bankruptcy schedules and statements of financial affairs, but she filed the final version of her Schedules A/B and C and SOFA on March 10, 2022. Hui disclosed for the first time on her last amended SOFA that she was holding $50,000 worth of personal property for Lee, Lee's son, and "Tom C.," including "watches."

During the case, Trustee moved on two occasions to extend the deadline to object to Hui's discharge under § 727, which Hui opposed. In opposing the first extension motion, Hui disclosed for the first time that she was in possession of a ladies' Rolex watch that she co-owned with Lee, and

---

[2] Although Hui had initially retained a bankruptcy attorney, he never appeared in the case. Hui later retained a second bankruptcy attorney in February 2022, but that representation was short-lived as he moved to withdraw two months later.

she requested that the court rule on its exempt status. In opposing the second extension motion ("Second Extension Opposition"), Hui explained how she determined the claimed exemptions on her last Schedule C.[3] Hui also disclosed for the first time that she was holding a "men's watch," which turned out to be a valuable Patek Philippe and part of the $50,000 worth of watches and jewelry she was holding for others. Hui explained later at trial that the Patek watch was purchased in 2006 for her grandson by his father. Trustee valued the Patek watch at $30,000.

Trustee ultimately withdrew her second motion to extend the § 727 deadline, and Hui received a discharge on July 15, 2022.

### 1.    Exemption objection

Relevant to this appeal, Trustee objected to the following three exemptions claimed by Hui ("Exemption Objection"):

- a homestead exemption under NRS § 21.090(1)(m) [4] for Minots Ledge ("Homestead Exemption");

---

[3] Hui explained at trial how she determined her exemptions. In her view, the Second Extension Opposition was not an "amendment" to her Schedule C because she believed she did not have to amend; rather, it was meant to help clarify how she completed her Schedule C. The bankruptcy court gave Hui the benefit of the doubt and considered the Second Extension Opposition as an amendment to her last Schedule C.

[4] NRS § 21.090(1)(m) provides:

1. The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:

. . .

(m) The dwelling of the judgment debtor occupied as a home for himself or herself and family, where the amount of equity held by the judgment debtor in the home does not exceed $605,000 in value and the dwelling is situated upon lands not owned by the judgment debtor.

4

- a jewelry exemption under NRS "§ 21.090(1)(a)(z)" ("Jewelry Exemption"); and

- an exemption for cash, money deposits, prepaid HOA dues, and health aids ("Miscellaneous Exemptions").

As to the claimed Homestead Exemption, Trustee argued that Hui could not claim an exemption for equity in a home that she did not hold title to on the petition date. Title to Minots Ledge had been transferred to Lee prior to the petition date. As to the claimed Jewelry Exemption, Trustee argued that Hui relied on a nonexistent statute for it. As to the Miscellaneous Exemptions for $4,700 total in cash and $500 in health aids, Trustee argued that Hui failed to identify under which statute they would be exempt. In addition, Hui had not identified the Rolex or Patek watches on her Schedule B, nor had she claimed them exempt on her Schedule C. Thus, argued Trustee, if Hui was claiming an exemption in either watch, it should be disallowed.

Hui opposed the Exemption Objection. She argued that Minots Ledge was exempt based on the homestead declaration she recorded in 2019. Hui further argued that, contrary to Trustee's position, she had listed the Rolex and Patek watches "on the schedule" even though her attorney had told her not to since they did not belong to her.[5]

### 2. Ruling on the Exemption Objection

The bankruptcy court held an evidentiary hearing on the Exemption

---

[5] Hui likely meant that she disclosed the watches on her SOFA. At trial, she agreed that she did not list them on her Schedule A/B or claim them exempt on her Schedule C.

Objection. Hui and Trustee testified. The court then entered an order and memorandum decision sustaining in part and overruling in part Trustee's objections. It sustained Trustee's objection to the Homestead Exemption, finding that, under NRS § 111.205(1), Hui did not hold any "estate or interest" in Minots Ledge "by deed or conveyance, in writing" on the petition date because title to Minots Ledge had already transferred to Lee by quitclaim deed five days prior. The court also found that Hui did not hold any "estate or interest" in Minots Ledge "by act or operation of law" by way of her 2019 homestead declaration. The homestead declaration combined with Hui's residency did not overcome her lack of title or equity in Minots Ledge on the petition date. Therefore, because she lacked any equity or interest in Minots Ledge on the petition date and it never became estate property, the court found that Hui was not entitled to the claimed Homestead Exemption under NRS § 21.090(1)(m).

Even if Hui had held an estate or interest in Minots Ledge which passed to her bankruptcy estate on the petition date, the court concluded that it would sustain Trustee's objection and deny the claimed Homestead Exemption based on the Judgment. Under *Maki v. Chong*, 75 P.3d 376, 379 (Nev. 2003), and *Green v. Weinstein (In re Green)*, BAP No. NV-16-1080-JuKuL, 2017 WL 957151, at *7-9 (9th Cir. BAP Mar. 10, 2017), the Nevada homestead exemption statutes cannot be used as an instrument of fraud and imposition, and, as a matter of public policy, the exemption does not protect individuals using fraudulently obtained funds to purchase real property. The court found

that Hui's conduct regarding Minots Ledge, as found by the state court, fit squarely within this exception to the Nevada homestead exemption.

The court sustained in part and overruled in part Hui's claimed Jewelry Exemption. Hui claimed $11,000 of her $13,000 in jewelry exempt under NRS "§ 21.090(1)(a)(z)," leaving $2,000 of scheduled jewelry as nonexempt. Trustee's only objection was based on the nonexistent statute cited in support of the exemption, which the court overruled. NRS § 21.090(1)(a) permits an exemption for jewelry up to $5,000, while NRS § 21.090(1)(z) – the "wildcard" exemption – permits an exemption for personal property not otherwise exempt up to $10,000. Hui explained in the Second Extension Opposition and at trial that she claimed the $5,000 allowed under NRS § 21.090(1)(a), and she claimed another $5,000 allowed under NRS § 21.090(1)(z), which had $7,000 remaining after deducting $3,000 for exempt household goods and clothing (which was allowed over Trustee's objection), thereby leaving $2,000 remaining unused for her "wildcard" exemption. Thus, the court found that $3,000 of Hui's jewelry was not exempt and had to be turned over to Trustee.

The court sustained in part and overruled in part Hui's claimed Miscellaneous Exemptions. In her last Schedule C, Hui claimed the $1,000 prepaid HOA fees as exempt under the unused $2,000 wildcard exemption, so the court overruled Trustee's objection. Trustee's only objection to the exemption for the cash, deposits of money, and the Sonic Pain Relief health aid was that Hui did not identify any statute permitting them. The court sustained Trustee's objection as to the Sonic Pain Relief health aid for $500,

7

which Hui maintained in the Second Extension Opposition was exempt under NRS § 21.090(1)(q), which permits an exemption for any prosthesis or equipment prescribed by a physician or dentist. The court found that nothing in the record established that the Sonic Pain Relief health aid was prescribed to Hui by a physician or dentist. The court also sustained Trustee's objection as to the $2,000 in cash and the $1,700 in deposits of money, which Hui maintained in the Second Extension Opposition and at trial were exempt under NRS § 21.090(1)(t) and/or (w). Those statutes permit an exemption for (t) court-ordered money or benefits paid to a debtor by a former spouse for the debtor's support and maintenance, and (w) payments received as compensation for the loss of future earnings. The court found that nothing in the record established that the scheduled cash and deposits of money were paid to Hui for either of these reasons. Consequently, Hui's claimed exemptions for the Sonic Pain Relief health aid, cash, and deposits of money were denied, and Hui had to turn those assets over to Trustee.

Finally, the court determined that the Rolex and Patek watches were not properly claimed as exempt. Hui did not list either watch on her last Schedule A/B, nor did she claim them exempt on her last Schedule C. The Second Extension Opposition also did not identify any statute under which the watches could be properly exempted. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in: (1) denying Hui's Homestead Exemption; (2) denying Hui's Jewelry Exemption in part; (3) denying Hui's exemptions for the Sonic Pain Relief health aid, cash, and deposits of money; and (4) determining that Hui did not properly claim the Rolex and Patek watches as exempt?

## STANDARDS OF REVIEW

We review questions regarding a debtor's right to claim an exemption de novo. *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 16 (9th Cir. BAP 2003). De novo review means we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

The bankruptcy court's factual findings, for purposes of determining the validity of a claimed exemption, are reviewed under the clearly erroneous standard. *Id.* Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

### A.     Law governing exemptions generally

When a debtor files a bankruptcy petition, all of her assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt. *Schwab v. Reilly*, 560 U.S. 770, 774 (2010); § 541(a)(1); § 522(*l*).

A claimed exemption is "presumptively valid." *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999) (citation omitted). A party objecting to a claimed exemption has the burden of proving that the exemption is not properly claimed. *Id.* (citing Rule 4003(c)). Initially, this means the objecting party has the burden of production and the burden of persuasion. *Id.* If the objecting party produces evidence to rebut the presumptively valid exemption, the burden of production then shifts to the debtor to produce unequivocal evidence to demonstrate the exemption is proper. *Id.* The burden of persuasion, however, always remains with the objecting party. *Id.*

Nevada has opted out of the federal exemption scheme provided under § 522(d). *See* NRS § 21.090(3). Therefore, Nevada law governs substantive issues regarding exemptions.

**B.     The bankruptcy court did not err in denying Hui's Homestead Exemption, denying Hui's Jewelry Exemption in part, denying Hui's exemptions for the Sonic Pain Relief health aid, cash, and deposits of money, and determining that she did not properly claim the Rolex and Patek watches as exempt.**

The only ruling Hui challenges is the bankruptcy court's denial of the Homestead Exemption, arguing that the court erred in ruling that she did not own Minots Ledge on the petition date. Hui argues that the Judgment was entered on November 22, 2021, that she had 30 days to file an appeal of the Judgment (or until December 22, 2021), and that she filed her chapter 7 bankruptcy case on December 15, 2021.

Reading between the lines, Hui appears to argue that the Judgment was not final and enforceable on December 10, 2021, when the quitclaim deed transferring Minots Ledge to Lee was recorded, because the appeal time for the Judgment had not yet run; therefore, she still held title to the property on the petition date. Hui did not raise this argument before the bankruptcy court, and she cites no authority for this proposition. In any event, the Judgment was entered on October 14, 2021, not November 22, 2021. Thus, no stay of the Judgment was in effect under NRCP 62 when the quitclaim deed was recorded.

Even if Hui were correct about the stay, she does not challenge the other basis upon which the bankruptcy court denied the Homestead Exemption. The court reasoned that, under *Maki* and *Green*, Hui would not be entitled to the Homestead Exemption because she used fraudulently obtained funds to purchase Minots Ledge. We see no error in that well-reasoned decision.

The only other arguments Hui appears to raise dispute the merits of the Judgment, but that issue is not properly before us. She does not raise any specific arguments as to the court's denial of her claimed Jewelry Exemption in part, or her claimed exemptions for the Sonic Pain Relief health aid, cash, and deposits of money in their entirety. She also does not specifically challenge the court's ruling that the Rolex and Patek watches were not properly claimed as exempt. Again, we see no error in the court's well-reasoned decision with respect to the Jewelry Exemption, the Miscellaneous

11

Exemptions as to the Sonic Pain Relief health aid, cash, and deposits of money, and the Rolex and Patek watches.

## CONCLUSION

For the reasons stated above, we AFFIRM.